[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter came on to be heard without the intervention of a jury. Basically the parties agree that on March 31, 1983 plaintiffs signed an exclusive sales agreement with the defendant for the sale of a restaurant in Smithfield. The agreement was exclusive for 180 days and had a second provision that if the property were sold to a person who had been shown the property within the first 180 days and that person eventually bought the property within the next 180 days the listing broker (the plaintiff) would be entitled to a 6% commission. The property was in fact sold during the second 180 day period for $165,000, a sum far less than the $350,000 the agreement called for.
There are two issues in dispute:
 1) did the plaintiff show the property to the eventual purchaser within the first 180 day period and
 2) if so, is he entitled to a commission where the sale was for considerably less than the agreement called for.
Based on the evidence presented the Court is compelled to say no to question #1.
As in most cases credibility of the witnesses is the focal point of attention. Three witnesses were called to testify: the plaintiff, the defendant and a third party, Salvatore Butera, Esquire, who was one of the ultimate purchasers of the property. The Court finds as fact that the defendant Mildred Bancuk's testimony to be unpersuasive and evasive. "I don't remember" is the essence of her testimony. The plaintiff, Raymond Morrissette, did present a more coherent, more credible recollection of the events of the summer and fall of 1983 but his testimony, too, troubled the Court particularly as it related to the critical issue of when he allegedly showed Mr. O'Reilly the property that O'Reilly and Butera subsequently purchased in February 1984. His direct testimony is that Butera was there on July 18, 1983 when he showed the property. In rebuttal he claims not only were O'Reilly and Butera present but so was the other realtor, Beck. Butera on the other hand, a disinterested witness, testified he was not present in July nor did he ever, ever meet Morrissette. Morrissette, as plaintiff, has the burden of proving by the fair preponderance of the credible evidence he is entitled to judgment.
The Court finds he failed to meet that burden. Since the first question was answered in the negative, it is not necessary to address the second issue.
Counsel for defendant shall prepare and submit a judgment consistent with this decision.